Kevin KENNY, Plaintiff—Appellant,

v.

Willie E. EASLEY, Lieutenant; et al., Defendants—Appellees.

No. 04–55386.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Jan. 4, 2006.

James C. Holland, Esq., Visalia, CA, for Plaintiff–Appellant.

Robyn–Marie Lyon Monteleone, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Defendants–Appellees.

Before: WARDLAW and PAEZ, Circuit Judges, and SINGLETON.*

MEMORANDUM **

Kevin Kenny appeals the district court's order granting summary judgment to Defendants on the basis of qualified immunity. Kenny brought a § 1983 and *Bivens* action against Defendants, all of whom are Naval employees, alleging that they violated his Fourth Amendment rights by unlawfully detaining and using excessive force against him near the Naval Base Ventura County ("NBVC"). We affirm in part, reverse in part, and remand.

We review a district court's grant of summary judgment *de novo. Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

Kenny's § 1983 claim is without merit. Federal officials who act under color of federal law are not subject to liability under 42 U.S.C. § 1983. *District of Columbia v. Carter*, 409 U.S. 418, 424–25, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973). Because it is undisputed that Defendants were federal police officers at the NBVC and were acting in their official capacity, the district court properly granted summary judgment on this claim.

We reverse the district court's grant of summary judgment on Kenny's claim that, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), Defendants used excessive force in violation of the Fourth Amendment when they seized him. Defendants claim, and the district court determined, that they are entitled to qualified immunity. The qualified immunity analysis set forth in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) is guided in excessive force cases by *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), and "requires balancing the 'nature and quality of the intrusion' on a person's liberty with the 'countervailing governmental interests at stake' to determine whether the use of force was objectively reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir.2002) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865)."

"The threshold question in deciding a summary judgment motion based on qualified immunity is whether, taken in the light most favorable to the party asserting injury, the facts alleged show that the officer's conduct violated a constitutional

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

right." *Bingham v. City of Manhattan Beach,* 341 F.3d 939, 945 (9th Cir.2003) (citing *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151). Although Defendant Easley was reasonably concerned that Kenny possessed a weapon in light of Kenny's conduct—reaching into his pockets—the manner in which Defendants responded to his actions, on the basis of the facts alleged, was unreasonable and unlawful. Kenny did not commit a crime of violence, did not pose an immediate threat of harm, and did not attempt to flee. Taking these facts as true, there was no justification for Defendants alleged actions, which included kicking Kenny from behind when he was shoved to the pavement, causing bruising and an ankle fracture, and dragging him along the pavement while he was unconscious, causing scrapping to his hands. In light of these alleged facts, a reasonable jury could find that Defendants used excessive force in restraining and handcuffing Kenny, and as a result violated his Fourth Amendment rights.

The second inquiry is whether the right was clearly established at the time of the violation, which "must be undertaken in light of the specific context of the case." *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. To be clearly established, the existing law at the time of the incident must make apparent the unlawfulness of an officer's use of excessive force during the course of handcuffing a suspected criminal or detainee. *See Hope v. Pelzer,* 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Kenny's right to be free from excessive force was clearly established by December 1, 2001. *See, e.g., Drummond v. City of Anaheim,* 343 F.3d 1052, 1060 (9th Cir. 2003) (stating that "[t]here is no question that [plaintiff's] basic constitutional right to be free from excessive force was clearly established" at the time plaintiff was detained, handcuffed, and physically harmed by police); *see also LaLonde v. County of Riverside,* 204 F.3d 947, 959 (9th Cir.2000).

The final step of the analysis is whether the right is sufficiently clear that a reasonable officer could not have "reasonably but mistakenly believed that his or her conduct did not violate a clearly established constitutional right." *Jackson v. City of Bremerton,* 268 F.3d 646, 651 (9th Cir.2001). In excessive force cases, we must determine whether, "under the circumstances, a reasonable officer would have had fair notice that the force employed was unlawful, and [whether] any mistake to the contrary would have been unreasonable." *Drummond,* 343 F.3d at 1060.

■ Kenny suffered bruising, an ankle fracture, and scrapes to his hands as a result of his encounter with Defendants. Notably, these injuries were not caused by a mere inadvertent push or shove. Rather, taking Kenny's allegations as true, he was intentionally kicked from behind while he was on the ground and was dragged on the pavement while he was unconscious. Kenny did not pose a threat when he was intentionally kicked from behind, and he already had been handcuffed by the time he allegedly was dragged on the ground. A reasonable officer in these circumstances would have known that such conduct violated the Fourth Amendment's bar on excessive force, and the district court erred in determining that Defendants were entitled to qualified immunity.

■ Finally, Kenny argues that Defendants violated the Posse Comitatus Act ("PCA"), and therefore violated his constitutional rights by detaining him for driving under the influence pending the arrival of the California Highway Patrol ("CHP"). We affirm the district court's grant of summary judgment on this claim. The PCA bars Army and Air Force military personnel from participating in civilian law enforcement activities. *United States v. Chon,* 210 F.3d 990, 993 (9th Cir.2000). "[T]he Department of Defense (DoD) made the PCA applicable to the Navy as a

"matter of DoD policy," DoD Directive 5525.5(c)." *Id.* (internal quotation marks omitted). Military involvement, however, is permissible if undertaken "for the primary purpose of furthering a military or foreign affairs function of the United States, regardless of incidental benefits to civilian authorities." *United States v. Hitchcock,* 286 F.3d 1064, 1069 (9th Cir. 2002) (internal quotation marks omitted), *amended and superseded on other grounds by United States v. Hitchcock,* 298 F.3d 1021 (9th Cir.2002).

The undisputed facts demonstrate that a military purpose prompted Kenny's detention. By preventing Kenny from driving under the influence, Defendants acted in their capacity as federal officers to ensure the safety of the NBVC and the public at large. Despite the incidental benefit to the CHP, Defendants primary purpose was to ensure the security of NBVC. Therefore, Defendants did not violate the PCA.

**AFFIRMED in part; REVERSED in part, and REMANDED.** Appellant Kenny shall recover his costs of appeal.

